**Robert B. KEENE, Appellant–Plaintiff,**

v.

**MARION COUNTY SUPERIOR COURT, Appellee–Defendant.**

No. 29A02–0408–CV–644.

Court of Appeals of Indiana.

March 18, 2005.

---

Jennifer L. Graham, Indianapolis, IN, Attorney for Appellant.

Allison Wells Gritton, Indianapolis, IN, Attorney for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Plaintiff–Appellant Robert B. Keene appeals the trial court's denial of his motion to correct error with regard to the trial court's grant of Defendant–Appellee Marion County Superior Court's motion for judgment on the pleadings.

We affirm.

Appellant presents one issue for our review which we restate as: whether the trial court erred by granting Appellee's motion for judgment on the pleadings with regard to the statute of limitation.

Keene was employed by Appellee. On August 25, 1998, Keene received from Appellee a notice that Appellee intended to terminate him one month in the future. On September 25, 1998, Keene was terminated from his employment with Appellee. Subsequently on September 25, 2000, Keene filed his cause of action against Appellee alleging that he was discharged as a result of age discrimination. Appellee filed a motion for judgment on the pleadings, which the trial court later granted. Keene challenged the trial court's ruling with a motion to correct error, but the court denied the motion. Keene now appeals the trial court's ruling.

At the outset, we note that a motion for judgment on the pleadings under Ind. Trial Rule 12(C) is an attack on the legal sufficiency of the pleadings. *Fifth Third Bank v. Stanek,* 806 N.E.2d 861, 863 (Ind.Ct.App.2004), *trans. denied.* Our review of the trial court's ruling on a Trial Rule 12(C) motion is *de novo,* and such a motion will not be granted unless it is clear from the face of the complaint that under no circumstances could relief be granted. *Id.* at 863–64.

Keene contends that the trial court erred in granting the Appellee's motion for judgment on the pleadings based upon the statute of limitations. Specifically, Keene urges that he timely filed his complaint for age discrimination.

Ind.Code § 34–11–2–2 states, in pertinent part: "[a]n action against the state of Indiana relating to the terms, conditions, and privileges of employment (including, but not limited to, hiring, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary) must be brought within two (2) years of the date of the act or omission complained of." Here, Keene filed a complaint alleging that he had been discharged from his position with Appellee due to his age. Keene filed his complaint on September 25, 2000. Although the parties agree that the applicable statute of limitations is two years, they disagree on when that time period commenced. Keene argues that his complaint was timely filed, pursuant to Ind.Code § 34–11–2–2, because he was terminated from his position on September 25, 1998. However, Appellee claims that Keene's complaint was not timely because the statute began to run on August 25, 1998, when Keene received notice from Appellee that Appellee intended to discharge him thirty days from that date. Therefore, Appellee asserts, Keene's complaint should have been filed no later than August 25, 2000.

■ Thus, the issue in this case is when, in a wrongful termination case, does the action accrue for the purposes of triggering the running of the statute of limitations. Indiana has yet to develop specific case law in this area; however, numerous jurisdictions have followed the rationale and decision of the United States Supreme Court decision in *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) and its progeny. In *Ricks,* the plaintiff was a college professor who was notified on June 26, 1974 that the Board of Trustees of defendant college had voted to deny him tenure. In accordance with its policy, the college offered Ricks a one-year "terminal" contract that expired June 30, 1975. *Ricks,* 101 S.Ct. at 504. Ricks signed the contract, and the college explicitly notified him that his employment would end upon the expiration of the contract. *Id.* Ricks later filed suit on September 9, 1977, alleging that the college had discriminated against him on the basis of his national origin by denying him tenure. The Supreme Court held that the statute of limitation began to run on June 26, 1974, when Ricks was notified that his employment would terminate a year later at the expiration of the "terminal" contract. In ruling that Ricks' suit was time-barred, the Court stated: "In sum, the only alleged discrimination occurred—and the filing limitations periods therefore commenced—at the time the tenure decision was made and communicated to Ricks. That is so even though one of the *effects* of the denial of tenure—the eventual loss of a teaching position—did not occur until later." *Id.* at 504 (emphasis in original). *See also Stephenson v. American Dental Association,* 789 A.2d 1248 (2002) and cases cited therein (following the rationale of *Ricks* and holding that an action for wrongful termination accrues upon notice of termination).

■ In the present case, Keene argues that he suffered no damages until he was actually discharged because there was no change in his salary or working conditions. Therefore, he asserts, notice of termination in the future was not enough for the accrual of an action and the commencement of the running of the statute of limitations. However, the date upon which there is a change in salary or working conditions does not determine when an action accrues. In keeping with the rationale of *Ricks,* we determine that the alleged discrimination occurred, and the corresponding limitation period began to run, at the time the decision to discharge Keene was communicated to him in the notice of August 25, 1998. This is so even though the actual loss of employment did not occur until thirty days later. The *Ricks* court instructs us that the proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts actually become painful. *Id.* at 504. Thus, we hold that Keene's cause of action for wrongful termination accrued when he received the notice of his termination on August 25, 1998.

Keene's cause of action for wrongful termination accrued, and the statute of limitations began to run, when he received the notice of his termination. Thus, the trial court properly granted Appellee's motion for judgment on the pleadings and properly denied Keene's subsequent motion to correct error.

Affirmed.

MATHIAS, J., and RILEY, J., concur.