ATTORNEY FOR APPELLANT
Jennifer L. Graham
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Allison Wells Gritton
Office of Corporation Counsel
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 29S02-0507-CV-320

ROBERT B. KEENE,

*Appellant (Plaintiff below)*,

v.

MARION COUNTY SUPERIOR COURT,

*Appellee (Defendant below)*.

Appeal from the Hamilton Circuit Court, No. 29C01-0011-CP-000938
The Honorable Judith S. Proffitt, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 29A02-0408-CV-644

**June 30, 2006**

**Sullivan, Justice.**

Robert Keene was employed as a commissioner by the Marion Superior Court ("Superior Court"). On August 25, 1998, the Superior Court notified Keene that because he had violated state statutes while performing his duties, his employment would be terminated on September 25, 1998. Keene, who was 64 years old at the time, was replaced by a 40-year-old employee. On September 25, 2000, exactly two years after his last day of work, Keene filed a complaint against the Superior Court, alleging wrongful termination based on age discrimination in violation of the Indiana Age Discrimination Act ("IADA"), Indiana Code Section 22-9-2-1, <u>et seq</u>.

The Superior Court filed a motion for judgment on the pleadings, contending, among other things, that Keene's claim was untimely.

The trial court, finding that Keene's claim was time barred by the applicable statute of limitations, granted the Superior Court's motion for summary judgment. The Court of Appeals affirmed, holding that Keene's cause of action accrued and the applicable two-year statute of limitations commenced to run on the date Keene received notice of his termination, thereby making his complaint time barred. Keene v. Marion County Superior Court, 823 N.E.2d 1216, 1218 (Ind. Ct. App. 2005). Keene petitioned to, and we granted, transfer. No. 29S02-0507-CV-320, 2005 Ind. LEXIS 603 (Ind. July 13, 2005).

Subsequent to our granting transfer and holding oral arguments in this case, we decided Montgomery v. Bd. of Trs. of Purdue Univ., No. 79S05-0508-CV-354, ___ N.E.2d ____, (Ind. June 29, 2006), which held that Purdue University was not subject to the IADA because the IADA specifically excluded from its definition of "employer" any "person or governmental entity which is subject to the federal Age Discrimination in Employment Act [("ADEA")]." Ind. Code § 22-9-2-1 (1998). As was the case with Purdue, the employer here is also subject to the ADEA. 29 U.S.C. § 630(b). See Kimel v. Florida Bd. of Regents, 528 U.S. 62, 68 (2000) ("In 1974, Congress extended application of the ADEA's substantive requirements to the States. . . . Congress accomplished that expansion in scope by a simple amendment to the definition of "employer" contained in 29 U.S.C. § 630(b): 'The term [employer] also means . . . a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State . . . .'"). Because the employer here is not subject to the IADA (because it is subject to the federal ADEA), the trial court correctly dismissed Keene's claims.

Shepard, C.J., and Dickson and Boehm, JJ., concur. Rucker, J., dissents.

**Rucker, J., dissenting.**

I respectfully dissent for the reasons expressed in my dissenting opinion in <u>Montgomery v. Bd. of Trs. of Purdue Univ.</u>, No. 79S05-0508-CV-354, ___ N.E.2d ____, (Ind. June 29, 2006).